**Jerry DAVIDSON, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 30, 1971.

Certiorari Denied by Supreme Court March 20, 1972.

William W. Hall, Dickson, for plaintiff in error.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, W. B. Lockert, Jr., Dist. Atty. Gen., Ashland City, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendant, Jerry Davidson, appeals in error from his conviction of assault and battery with intent to commit rape and his sentence of ten years in the penitentiary.

The defendant contends he was insane at the time of the commission of the acts in question. By his assignments he urges the court to adopt a more modern and scientific guide than the M'Naghten rule for determining insanity.

On the evening of December 6, 1969, one Frances Juanita Vaughn had a date with a Charles Hutton. When they started to leave a restaurant, Hutton could not start his car and asked the defendant to help him. After they failed to start the car, the defendant offered to take Miss Vaughn and Hutton home.

Instead of taking them home, however, Davidson proceeded toward Dickson, pulled a pistol on them and made advances on Miss Vaughn, who resisted him. He took their money but later returned it. Armed with a rifle and pistol, he then took them to a barn and into a hayloft, where he tied them up, removed Miss Vaughn's clothes and several times tried unsuccessfully to rape her. Leaving Hutton tied, he left with Miss Vaughn and she got away from him. Hutton escaped also and notified his parents and the police of the crime.

Davidson went to Clarksville, by taxi, then by bus to Nashville. By cab he went to the airport, where he rented a car and drove to Birmingham, to Chattanooga and was arrested in Memphis. His unsigned statement admitted the material facts of the case.

Davidson, age 27, testified in his own behalf and denied any threat to Miss Vaughn with a gun or knife. He said Hutton laughed at him and that he got mad at Hutton and tied him up. Davidson testified that he had been confined in Central State Hospital about 1962 or 1963 and had outpatient treatment a year or two afterwards.

Dr. Otto Billig, Clinical Professor of Psychiatry at Vanderbilt University, examined the defendant and was of the opinion that his mental condition was undifferentiated schizophrenia. Davidson also exhibited sexual maladjustment in that he had made advances toward his mother and was unable to maintain an erection under normal conditions but only when engaged in fantasies while in contact with women's clothes. His thought processes were disorganized and his judgment was impaired, according to Dr. Billig's deposition for the defendant. Although Dr. Billig considered Davidson's conduct as an outgrowth of mental illness, he felt the defendant could probably distinguish right from wrong.

In rebuttal Dr. Roger K. White, Director of Forensic Psychiatry for the Tennessee Department of Mental Health, testified as to the 90-day tests and examination of the defendant at Central State Hospital prior to trial. His diagnosis of the defendant's mental condition was one of schizoid personality, manifested by withdrawn emotions and suppressed feelings.

Dr. White testified one with schizoid personality is somewhat withdrawn but this does not imply he is unable to distinguish the realities around him. His opinion was that Davidson, at the time of the unlawful acts, could distinguish between right and wrong and between the acceptability and unacceptability of his behavior. He was further of the opinion that the defendant was not driven by a compulsion which made him proceed with his unlawful acts.

■ After proper instructions, including the test for insanity, the jury found the defendant guilty. The acts and conduct of one accused of crime may be considered on the question whether or not he could discriminate between right and wrong. His attempt to avoid apprehension may be considered. Both expert witnesses, though differing on the diagnosis of Davidson's mental state, agreed that he could probably distinguish right from wrong.

We think the evidence sustains the verdict. The question of insanity was for the jury.

■ The defendant contends that rules followed in other jurisdictions are better than the rule in M'Naghten's case for determining mental responsibility and we should adopt one of them or a new Tennessee rule.

Our Supreme Court reaffirmed the N'Naghten rule in Spurlock v. State, 212 Tenn. 132, 368 S.W.2d 299, and we are bound by it. Smith v. State, Tenn.Cr.App., 452 S.W.2d 669. The assignments on the instructions are overruled.

The judgment is affirmed.

OLIVER and DWYER, JJ., concur.